UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

RUBEN HEDGEMON, JR.,               )
                                   )
    Petitioner                     )
                                   )
vs.                                )   Case No. 4:16-cv-00317-WMA-HGD
                                   )
CHIEF BAILY and THE ATTORNEY       )
GENERAL OF THE STATE OF            )
ALABAMA,                           )
                                   )
    Respondents                    )

## MEMORANDUM OPINION

On March 7, 2016, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On March 10, 2016, petitioner filed a response to the magistrate judge's report and recommendation, in which he states that he is unable to understand the report and recommendation because he only reached the 10th grade in special education. However, a *pro se* litigant's illiteracy or lack of understanding does not absolve him of the application of law and the rules of court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"); *Hughes v. Idaho State Bd.*

*of Corrections*, 800 F.2d 905 (9th Cir. 1986) (petitioner's illiteracy does not provide cause for procedural default); *Lemons v. Lewis*, 969 F.Supp. 657, 659 (D. Kan. 1997) (*pro se* status does not absolve litigant of duty to comply with fundamental procedural rules).

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4, 77 L.Ed.2d 1090 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to any claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 16th day of March, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE